EDP:BET
F. #2024R00934

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -    25-CR-14 (AMD) (JAM)

SVETLANA DALI,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

# THE PARTIES' PROPOSED VOIR DIRE REQUESTS
# AND LIST OF NAMES, PLACES, AND ENTITIES

JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
Eastern District of New York
271A Cadman Plaza East
Brooklyn, New York 11201

| | |
|---|---|
| Brooke Theodora | Michael Schneider |
| Assistant U.S. Attorney | Assistant Federal Defender |
| (718) 254-7000 | (718) 330-1200 |
| (Of Counsel) | |

The parties respectfully submit their joint proposals in black text. Where the parties disagree, the government submits is proposal in blue text, and the defendant submits her proposal in red text.

## PRELIMINARY STATEMENT

Pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, the parties respectfully request that the Court, in addition to the Court's usual <u>voir dire</u>, ask the following questions in jury selection for this case. The parties further request that the Court pursue more detailed questioning at the sidebar if a prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, conclude with an inquiry as to whether the particular fact or circumstance would influence the prospective juror in favor of or against the government or the defendant.

## STATEMENT OF THE CASE

A. <u>The Government's Proposed Statement of the Case:</u>

The defendant, Svetlana Dali, is charged by indictment with one count or "charge": being a stowaway on an aircraft. The indictment alleges that on November 26, 2024, the defendant boarded, entered, and secreted herself aboard an aircraft, to wit: Delta Air Lines flight number DL264 departing from John F. Kennedy International Airport in Queens, New York to Charles de Gaulle Airport in Paris, France.

B.     Defendant's Proposed Statement of the Case:

The government has brought only one charge against Ms. Dali: that she boarded an airplane at JFK airport without the consent of the airline with the intent to obtain transportation. Ms. Dali denies the charge. That's what this case is about.[1]

ANTICIPATED LENGTH OF TRIAL

Trial in this case is expected to last one to three days.

LIST OF NAMES, PLACES, AND ENTITIES

A list of names, places, and entities is attached as Exhibit 1.

JOINT PROPOSED QUESTIONS

The parties respectfully request that the Court ask the following proposed questions to prospective jurors:

1.     Have you read, heard, or seen media reports about this case? If so, is there anything about those reports that would prevent you from being a fair and impartial juror? Will you be able to ignore whatever media reports you have seen and decide the case only on the evidence you hear inside this courtroom?

2.     Have any of you ever been employed by the New York City Police Department, FBI, TSA or any other federal or state investigatory agency, police, any District Attorney's Office, or the United States Department of Justice, including any United States Attorney's Office? If so, for whom did you work, for how long, and what was the nature of your

---

[1] The government respectfully objects to the defendant's proposed statement of the case because it is argumentative and better suited for the parties' presentations in their jury addresses rather than the Court's instruction during voir dire. Jury selection is not the appropriate time for either party to argue their theory of the case; rather, its purpose is to ensure that a fair and impartial jury is selected.

3

duties? Do you have any feelings about these agencies that you believe would affect your ability to be a fair and impartial juror in this case?

        3.      Have you or any member of your family been employed by any airline? If so, for whom did you work, for how long, and what was the nature of your duties?

        4.      Have you or any member of your family served as a member of a grand jury, state or federal? If so, do you feel that service would affect your ability to be fair in this case? Has your grand jury duty left you with any particularly strong feelings, positive or negative, about our system of justice? Do you understand that the role of a grand jury is very different from that of a trial jury?[2]

        5.      Have you previously served as a trial juror? Was it civil or criminal? Did the jury in which you served reach a verdict without telling us what the verdict was? Did you consider your jury service to be a positive or negative experience (or neither)? Did anything happen during your time as a juror that might affect your ability to be fair and impartial here?

        6.      Have you, or has a family member or close friend, ever been arrested or charged with a crime or the victim of a crime? If yes, do you think you or your family member or friend was treated fairly by the criminal justice system?

        7.      Have you or any member of your family or a close friend ever been the victim of or witness to any crime? If so, please approach privately and explain. Would your experience or the experience of your friend or relative effect your ability to be a fair and impartial juror in this case?

---

[2] The government objects to this sentence proposed by the defendant because it is both argumentative and repetitive of jointly agreed-upon instructions below. Accordingly, to the extent the Court accepts this proposed question, we request that it not include this sentence.

8. Are you or any member of your family now under subpoena or about to be in any criminal or civil case in which the United States is a party? If so, please approach privately and explain.

9. Do you or any member of your family have any relationship, or close friendship, with any city, state or federal law enforcement officer? If so, does he or she talk about their work? Will this affect your ability to judge the facts in this case?

10. The law treats all witnesses the same; they are individuals to be judged on their own merits. One or more witnesses who are members of law enforcement may be called to testify by the government. Would anyone have difficulty treating law enforcement officers like any other witness? Does anyone believe that law enforcement witnesses are more or less likely to be truthful than other witnesses?

11. Are any of you taking any medication that would prevent you from giving full attention to all of the evidence at this trial? Do any of you have any physical problem sitting for periods of time?

12. Do you have any negative opinions about either prosecutors or defense lawyers? Would such an opinion affect your ability fairly judge the defendants?

13. Will each of you keep your mind open and refrain from formulating any opinion until the conclusion of the entire case and the Court's instructions on the law?

14. Will each of you, although it is your right and duty to listen to the opinions of your co-jurors, render a verdict that will be true to your own understanding and finding with respect to the evidence and with the Court's instructions on the law?

15. These questions are intended to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior questions, do

any of you have any doubt in your mind, for any reason whatsoever, that you will be able to serve conscientiously, fairly and impartially in this case?

### Jury Verdict

16. *Defendant's Proposed Question*: Will any of you have any hesitation in rendering a verdict of not guilty if a defendant's guilt is not established beyond a reasonable doubt?

17. *Government's Proposed Question*: The government has the burden of proving each element of each crime beyond a reasonable doubt. If the government fails to do this, the jury is required to return a verdict of not guilty. Is there anyone who is unable to accept and apply this rule of law? On the other hand, if the government proves its case to you beyond a reasonable doubt, you must find the defendant guilty. Is there anyone who feels that even if the evidence established the defendant is guilty beyond a reasonable doubt, you would not be able to render a guilty verdict for any reason? Please explain.

### Defendant's Testimony

18. *Defendant's Proposed Question*: At all times, the burden of proof is upon the government; a defendant has no burden of offering proof or taking the witness stand in her own defense. If she does not take the stand, no negative conclusion may be drawn against her. If she does take the witness stand, she does not take on the burden of proving that she is not guilty. The burden of proving a defendant guilty beyond a reasonable doubt always stays with the prosecution. Does anyone here feel Ms. Dali should testify or present evidence on her own behalf before you could find her not guilty? Does anyone here feel that if Ms. Dali does testify, she takes on a burden of proving that she is innocent? Does anyone feel that if Ms. Dali does not testify, it is probably because she is guilty?

19. <u>Government's Proposed Question</u>: The judge will instruct you that because the government bears the burden of proof, no defendant is required to testify in a criminal case. For that reason, if a defendant decides not to testify, you cannot hold that decision against her in any way during your jury deliberations. Would you have any difficulty finding the defendant not guilty if the government does not prove her guilt beyond a reasonable doubt, even if she does not testify in his own defense?

Presumption of Innocence

20. <u>Defendant's Proposed Question</u>: Anyone accused of a crime is presumed to be innocent and such presumption continues even while the jury deliberates and entitles the defendant to an acquittal unless the jury finds that the government has proven guilt beyond a reasonable doubt. Do any of you feel that the United States Attorney's Office would not bring a prosecution unless the defendant was probably guilty?

21. <u>Government's Proposed Question</u>: Even though the defendant has been charged with certain crimes, the law requires you to presume that she is innocent of all the charges. It is the government's burden to overcome this presumption of innocence and prove every element of every crime charged beyond a reasonable doubt in order to find her guilty. Do you think you might have any difficulty presuming the defendant innocent and holding the government to this burden of proof?

## ADDITIONAL QUESTIONS

A. <u>The Government's Proposed Questions:</u>

The government respectfully requests that the Court ask the following additional questions to prospective jurors:

22. How often do you travel by plane? Do you have any strong feelings about the security processes employed to screen travelers within the airport?

23. Is there anyone who would have trouble following the Court's instructions on the law even if you disagreed with a particular part of the law?

24. Is there anyone who has a religious, philosophical, moral or other belief that might make you unable to be a fair and impartial juror in this case and render a verdict based on the evidence?

25. The question of punishment is for the Court alone to decide, and the possible punishment must not enter into the deliberations of the jurors as to whether a defendant on trial here is guilty or not guilty. Is there anyone who would be unable to put that aside when deliberating on the evidence and rendering a verdict in this matter?

26. Have you, or has any family member or close friend, ever been involved in a legal action or dispute with the federal or state government (<u>e.g.</u>, the IRS)?

B. <u>The Defendant's Proposed Questions:</u>

The defendant respectfully requests that the Court ask the following additional questions to proposed jurors:

27. The indictment is merely a charge. It is proof of nothing, and no negative conclusion may be drawn against the defendant because she has been indicted by a grand jury.

How many of you feel that because Ms. Dali has been charged with this offense, she must have done something wrong?[3]

28.	This charge involves an allegation of theft of transportation services by boarding a passenger plane without a ticket. Is there anything about that charge that makes you feel that you may not be able to be fair and impartial in this case, even if you could be fair and impartial in a different type of case?[4]

29.	You will hear evidence that TSA agents failed in their responsibility to keep an unticketed passenger outside of the secure area of JFK airport. Would anything about that evidence make it difficult for you to be fair and impartial as a juror.

---

[3] The government objects to this question as argumentative and improperly biased toward the defendant, and thus inappropriate for voir dire.

[4] The government objects to this question as an improper characterization of the charges in this case, argumentative, and better suited for the parties' presentations in their jury addresses rather than the Court's instruction during voir dire.

30. Similarly, you will hear evidence that employees of Delta Airlines allowed an unticketed passenger to board a plane. Would anything about that evidence make it difficult for you to be fair and impartial as a juror?[5]

Dated: Brooklyn, New York
May 12, 2025

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/
Brooke Theodora
Assistant U.S. Attorney
(718) 254-7000

/s/
Michael Schneider
Assistant Federal Defender
(718) 330-1200

cc: Clerk of the Court (AMD) (JAM) (by e-mail and ECF)

---

[5] The government likewise objects to this question as improperly argumentative and inappropriate for voir dire. Additionally, this question is improper because it references evidence that the government has moved to preclude in a pending motion in limine. See ECF No. 20. In particular, the government has moved to preclude evidence and argument that attempts to blame the defendant's crime on Delta and/or TSA, which is plainly inadmissible. Indeed, courts in this district have routinely precluded defendants from making arguments about a victim's failure to discover their deliberately criminal acts, even if such failure was negligent, because such evidence is irrelevant and misleading under Federal Rules of Evidence 401, 402, and 403. See, e.g., United States v. Sullivan, 118 F.4th 170, 228 (2d Cir. 2024) (in theft of federal funds case, rejecting defendant's argument that the victim's "failure . . . to exercise proper diligence to uncover" the "true nature" of the defendant's crime "does not demonstrate that [the victim] consented to Defendants' theft"); United States v. Thomas, 377 F.3d 232, 241-43 (2d Cir. 2004) (rejecting argument that jury should have been instructed "that there can be no fraud if the victim did not act as a person of ordinary prudence and comprehension would," finding the ordinary prudence standard "is not a shield which a defendant may use to avoid a conviction for a deliberately fraudulent scheme"); United States v. Udeokoro, No. 17-CR-629 (AMD), ECF Dkt. No. 94 (E.D.N.Y. Jun. 22, 2023) ("It is well-settled in this circuit that a defendant charged with a fraudulent scheme may not assert as a defense the victim's failure to discover the fraud."); United States v. Ahmed, No. 14-CR-277 (DLI), 2016 WL 8732355, *4 (E.D.N.Y. Jun. 24, 2016) (prohibiting defendant from "assert[ing] at trial that he subjectively believed his billing practices were proper, in part because Medicare continued to pay his claims without any notice or indication of its objection" (quotation marks omitted)).

10

# **EXHIBIT 1**

# **List of Names, Places, and Entities**

<u>Defense</u>

1. Svetlana Dali (defendant)
2. Michael Schneider (defense counsel)
3. Beatrice Misher (paralegal)

<u>Prosecution</u>

1. AUSA Brooke Theodora
2. AUSA Erik Paulsen
3. Paralegal Specialist Katrina Batista
4. Special Agent Ian Crystal, Federal Bureau of Investigation ("FBI")

<u>Potential Witnesses and Names Referenced</u>

1. Gavin Beharry (witness)
2. Cleomie Meme (witness)
3. Detective Kevin Hochbrueckner, Joint Terrorism Task Force, Federal Bureau of Investigation ("FBI") (witness)
4. Transportation Security Manager Guiseppe "Joe" Fretto, Transportation Security Administration (witness)
5. Supervisory Officer Daniel Travieso, U.S. Customs and Border Protection (witness)
6. Officer Tephadhorn Sornthong, Joint Terrorism Task Force, Federal Bureau of Investigation ("FBI")

Places

1. John F. Kennedy International Airport and its immediate vicinity
2. Charles de Gaulle International Airport and its immediate vicinity
3. Bradley International Airport and its immediate vicinity
4. Miami International Airport and its immediate vicinity

Entities

1. JFK International Air Terminal, LLC
2. Delta Air Lines, Inc.
3. JetBlue Airways Corporation
4. Federal Bureau of Investigation ("FBI")
5. Transportation Security Administration ("TSA")
6. U.S. Customs and Border Protection ("CBP")
7. Joint Terrorism Task Force, FBI
8. Port Authority of New York and New Jersey