

U.S. Department of Justice

United States Attorney
Eastern District of New York

EDP:BET  
F. #2024R00934

271 Cadman Plaza East  
Brooklyn, New York 11201

May 18, 2025

<u>By ECF and E-mail</u>

The Honorable Ann M. Donnelly  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

       Re:    United States v. Svetlana Dali  
             <u>Criminal Docket No. 25-14 (AMD)</u>

Dear Judge Donnelly:

      The government respectfully submits this letter in advance of the trial scheduled to begin in the above-mentioned case on May 20, 2025 to move <u>in limine</u> for the admission of one document as a business record of Delta Air Lines, Inc. ("Delta"). In particular, the government intends to admit the flight manifest for Delta Flight 264 as a business record under Federal Rule of Evidence 803(6)(D). The government has previously provided this record to the defendant with a certification of authenticity and with notice that we intend to introduce it as an exhibit at trial. The government understands that the defendant does not object to this motion.

    I.    <u>Applicable Law</u>

      The Supreme Court has held that admitting business records that have been authenticated by affidavit or certificate does not violate a defendant's right to confrontation. <u>See Melendez-Diaz v. Massachusetts</u>, 557 U.S. 305 (2009). The Court has explained that "[b]usiness and public records are generally admissible absent confrontation . . . because—having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial—they are not testimonial." <u>Id.</u> at 324.

      Relying on <u>Melendez-Diaz</u>, the Second Circuit and at least five other circuits have concluded that certifications authenticating records are not testimonial. <u>See, e.g.</u>, <u>United States v. Qualls</u>, 613 F. App'x 25, 28 (2d Cir. 2015); <u>United States v. Johnson</u>, 688 F.3d 494, 504-05 (8th Cir. 2012); <u>United States v. Yeley-Davis</u>, 632 F.3d 673, 680-81 (10th Cir. 2011); <u>United States v. Morgan</u>, 505 F.3d 332, 339 (5th Cir. 2007); <u>United States v. Ellis</u>, 460 F.3d 920 (7th Cir. 2006); <u>United States v. Weiland</u>, 420 F.3d 1062, 1077 (9th Cir. 2005). As the Seventh Circuit explained in <u>Ellis</u>, such certifications are "nothing more than the custodian of records . . .

attesting that the submitted documents are actually records kept in the ordinary course of business" and "merely establish the existence of the procedures necessary to create a business record." 460 F.3d at 927. It is the underlying records, not a certification, that are admitted to establish the facts.

Consistent with this understanding of the confrontation right, federal law permits the authentication of business records by certification and sets forth specific requirements for their admission. Federal Rule of Evidence 902(11) expressly permits the authentication of domestic business records by certification, and courts in the Second Circuit have routinely applied these provisions to admit certified business records at trial. See, e.g., United States v. Komasa, 767 F.3d 151 (2d Cir. 2014); Qualls, 613 F. App'x at 28 (affirming admission of foreign business records based upon a certification, absent a live witness to authenticate the documents).

Further, Federal Rule of Evidence 902(13) permits the authentication of records generated by an electronic process or system. See United States v. Otufale, No. 24-CR-170 (KAM), 2024 WL 3391094, at *9 (E.D.N.Y. July 12, 2024) (finding that records generated by an electronic process or system "may constitutionally be admitted in a criminal trial absent live testimony from the custodian because such records are not 'testimonial.'" (quoting Melendez-Diaz, 557 U.S. at 311 n.1)).

II.  Discussion

The government should be permitted to authenticate and admit the flight manifest for Delta Flight 264 under Rules 803(6)(D), 902(11), and 902(13). It is a business record generated by an electronic system, which has been authenticated by the attached certificate from Delta, which certifies that it meets all the requirements of Rule 803(6)(A)-(C). See Exhibit 1. Further, admitting this record in advance of trial will eliminate the need to require an out-of-state witness from Delta to testify and will shorten the time that jurors will need to make themselves available to sit for trial. Accordingly, the government seeks a pretrial ruling that the flight manifest for Delta Flight 264 may properly be authenticated as a self-authenticating business record and respectfully requests that the Court admit it at trial pursuant to Federal Rules of Evidence 803(6)(D), 902(11), and 902(13).

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:        /s/
Brooke Theodora
Assistant U.S. Attorney
(718) 254-6342

cc:   Michael Schneider, Esq. (via e-mail and ECF)
      Clerk of Court (AMD) (via e-mail and ECF)