COURT EXHIBIT

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

**UNITED STATES OF AMERICA,**
                      :

                      :

      – against –      :  **JURY INSTRUCTIONS**

                     :  25-CR-14 (AMD)

**SVETLANA DALI,**
                      :

             Defendant.   :

------------------------------------------------------------ X

**ANN M. DONNELLY,** United States District Judge:

Ladies and gentlemen of the jury, you have heard all the evidence in the case as well as the lawyers' arguments. I will now instruct you on the law that applies to this case. You have paid close attention to this case and I ask that you continue to do so as I give you these instructions. My instructions are divided into three parts.

First, I will instruct you about the general rules that define and govern your duties as jurors in a criminal case.

Second, I will give you instructions about the crime charged in this case and the elements that the government must prove beyond a reasonable doubt for that crime.

Third, I will give you some general rules about the process of your deliberations.

# Table of Contents

GENERAL RULES AND DUTY OF THE JURY ...................................................................3

   I.   Role of the Court and of the Jury.............................................................................3

      A.  Equality of the Parties Before the Court.........................................................4

      B.  No Basing Verdict on Sympathy or Bias.........................................................4

      C.  Indictment, Burden and Presumption of Innocence .......................................5

      D.  Reasonable Doubt............................................................................................6

      E.  Punishment .....................................................................................................7

   II.  Evidence .................................................................................................................7

      A.  The Definition of Evidence .............................................................................7

      B.  Direct and Circumstantial Evidence ...............................................................9

      C.  Uncharged Acts Considered for a Limited Purpose .....................................10

      D.  Witness Testimony ........................................................................................11

      F.  No Particular Proof or Investigative Techniques Required ..........................15

      G.  Evidence Lawfully Obtained .........................................................................15

      H.  Transcripts ....................................................................................................16

THE LEGAL ELEMENTS OF THE CRIME CHARGED........................................................16

   I.   Indictment.............................................................................................................16

   II.  Venue....................................................................................................................17

   III.  Approximate Date.................................................................................................18

   IV.  "And" Means "Or" ...............................................................................................18

   V.  Knowledge and Intent...........................................................................................18

   VI.  Conduct of Delta and TSA ...................................................................................19

CLOSING INSTRUCTIONS .................................................................................................20

   I.   Foreperson ............................................................................................................20

   II.  Deliberations.........................................................................................................21

   III.  Communication with the Court and Others .........................................................21

   IV.  Right to See Exhibits and Testimony ...................................................................22

   V.  Verdict..................................................................................................................22

   VI.  Oath Reminder and Closing Remarks ..................................................................24

## GENERAL RULES AND DUTY OF THE JURY

### I.      Role of the Court and of the Jury

I am going to begin by reminding you of your role as jurors and my role as the judge.

Your duty, as I mentioned in my opening instructions, is to find the facts from all of the evidence in this case. You are the sole judges of the facts, and it is for you and you alone to determine what weight to give the evidence, to resolve any conflicts in the evidence, and to draw those inferences that you believe are reasonable and warranted from the evidence.

My job is to instruct you on the law. You must follow the law as I give it to you and apply the law to the facts as you find them. It is your sworn obligation to follow the law as I describe it to you, whether you agree with that law or not. You should not be concerned about the wisdom of any rule of law that I state. Regardless of any opinion you may have about what the law may be — or should be — you would violate your oaths as jurors if you based your verdict on anything other than the law as I define it for you.

If the lawyers have said something about the law that differs from my instructions, you must ignore it and be guided only by what I instruct you on the law. You should not single out any one instruction, but should consider my instructions as a whole.

Since it is your job — not mine — to find the facts, I have neither expressed nor implied an opinion about how you should decide the facts of this case. You should not conclude from anything I have said or done during trial, including these instructions, that I have any opinion about the facts or the merits of this case, or about what your verdict should be. For example, please do not assume that I have any opinion about the case because I asked a witness a question. I do not. Any question that I asked was either to make something clearer or to expedite the trial. It is your job to determine the facts, not mine.

A. Equality of the Parties Before the Court

The fact that the government is prosecuting this case in the name of the United States of America should not affect your evaluation of the evidence and facts before you. The government is not entitled to greater consideration than the defendant. By the same token, it is entitled to no less consideration. All parties — government or individual — stand as equals in this court and are entitled to equal consideration. Neither the government nor the defendant is entitled to any sympathy or favor.

B. No Basing Verdict on Sympathy or Bias

It is your responsibility to decide the facts with complete fairness and impartiality and without any bias or prejudice or sympathy for any party. You must perform your duty as jurors with complete fairness and impartiality. You

4

must consider the evidence carefully and impartially, follow the law as I give it to you, and reach a just verdict regardless of the consequences.

It would be improper for you to consider any feelings you might have about the defendant's race, religion, national origin, ethnic background, occupation, sex, age or political views. Every person is entitled to the presumption of innocence, and the government has the same burden of proof as to every defendant. It would also be improper for you to allow any feelings you may have about the nature of the crimes charged to influence your decision-making process.

C. Indictment, Burden and Presumption of Innocence

The indictment is a document that the government uses to give the defendant notice of the charges against them and to bring them before the court. The indictment is an accusation and nothing more. The indictment is not evidence and it is entitled to no weight in your determination of the facts.

The defendant has pled not guilty to the indictment. The burden is on the government to prove the defendant guilty beyond a reasonable doubt. This burden never shifts to the defendant. She does not have to prove that she is not guilty; she does not have to present any evidence at all. If the government does not meet its burden of proving the defendant's guilt beyond a reasonable doubt, you must reach a verdict of not guilty.

The defendant is presumed to be innocent of all charges against her. The presumption of innocence by itself, unless overcome by proof beyond a reasonable doubt, is enough to reach a verdict of not guilty. The defendant is presumed innocent unless and until you decide unanimously that the government has met its burden and has proven the defendant guilty beyond a reasonable doubt. This presumption was with the defendant when the trial began, it remains with her now, and it will continue into your deliberations, unless and until you are convinced that the government has proven her guilt beyond a reasonable doubt.

### D. Reasonable Doubt

The standard of proof in a criminal case is proof beyond a reasonable doubt. What is a "reasonable doubt?" It is a doubt based upon reason and common sense — the kind of doubt that would cause a reasonable person to hesitate to rely on it and act on it in a matter of importance in his or her personal life.

A reasonable doubt is not a caprice or whim; it is not speculation or suspicion. It is not an excuse to avoid an unpleasant duty. It is not based on sympathy. Proof beyond a reasonable doubt is not proof beyond all doubt; rather, it is proof that is so convincing that a reasonable person, based on that proof, would not hesitate to draw the conclusion offered by the government.

If after fair and impartial consideration of all the evidence you have heard in this trial, you have a reasonable doubt, it is your duty to acquit the defendant. But,

if after fair and impartial consideration of all the evidence you have heard, you are satisfied of the defendant's guilt beyond a reasonable doubt, you should vote to convict.

### E. Punishment

Under your oath as jurors, you are not permitted to consider the question of the punishment the defendant may receive if she is convicted. It is my duty, and my duty alone, to impose a sentence if a defendant is convicted. It is your job to weigh the evidence in the case and to determine whether the defendant is guilty beyond a reasonable doubt, solely on the basis of the evidence.

## II. Evidence

I will now talk to you about what is evidence and how you should consider it.

### A. The Definition of Evidence

You must determine the facts in this case based only on the evidence presented, and on inferences that can reasonably be drawn from that evidence. The evidence consists of testimony from the witnesses on direct and cross examination, and the physical exhibits that were admitted into evidence.

Certain things are not evidence and you should disregard them in deciding what the facts are in this case:

First, the lawyers' arguments and statements, including their opening statements and closing arguments, are not evidence. If a lawyer said something

about the evidence in an opening statement or closing argument that conflicts with your recollection of the evidence, it is your recollection that governs.

Second, questions that a lawyer asked a witness that the witness did not answer are not evidence.

Third, objections to the questions or to exhibits are not evidence. Also, any statements the lawyers made when they objected are not evidence. The attorneys have a right and a duty to object and request a sidebar conference when they believe that a question is improper, or that evidence should not be received. You should not be influenced by any objections or by any of my rulings on the objections. If I sustained an objection, ignore the question. If I overruled an objection, treat the answer like any other answer.

Fourth, any testimony or exhibits that I have stricken from the record and told you to disregard are not evidence.

Fifth, anything you may have seen or heard outside of the courtroom is not evidence. Your verdict must be based solely upon the evidence presented at this trial, or the lack of evidence. In this regard I have directed you not to read any newspaper articles, watch any television or listen to radio news about this case, or read anything on the Internet. That instruction continues to the very end of the case, until after you have rendered your verdict.

B. <u>Direct and Circumstantial Evidence</u>

There are, generally speaking, two types of evidence: direct and circumstantial. You may use both types of evidence in reaching your verdict in this case.

Direct evidence is testimony from a witness about something he or she knows from his or her own senses — something he or she has seen, felt, touched, tasted or heard.

Circumstantial evidence is proof of a chain of circumstances that point to the existence or nonexistence of certain facts. There is a simple example we use to describe circumstantial evidence. Suppose you came to court on a day when the weather was clear, sunny and dry. However, after you've been in the windowless courtroom for several hours, you see someone come in wearing a wet raincoat and another person shaking a wet umbrella. Now you cannot look outside of the courtroom and you cannot see whether or not it is raining. You have no direct evidence that it rained. But it would be reasonable and logical for you to infer from these circumstances — the wet coat, the dripping umbrella — that it rained outside while you were sitting in court.

That is all there is to circumstantial evidence. On the basis of reason, experience and common sense, you may infer the existence or nonexistence of a fact from one or more established facts. Inferences are conclusions that reason and

common sense lead you to draw from the facts that were established by the evidence. Use your common sense in drawing inferences. An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists. So, while you are considering the evidence presented to you, you are permitted to draw reasonable inferences from the proven facts in this trial.

The law makes no distinction between the weight to be given to direct or circumstantial evidence; one is not better than the other. You must base your verdict on a reasonable assessment of all the evidence in the case. I remind you that whether based upon direct or circumstantial evidence or upon logical, reasonable inferences drawn from the evidence, you must be convinced of the defendant's guilt beyond a reasonable doubt before you may convict.

C. Uncharged Acts Considered for a Limited Purpose

You have heard evidence that Ms. Dali engaged in conduct other than the crimes charged in the indictment. Ms. Dali is not on trial for committing any acts that are not charged in the indictment or for acts committed outside the time periods charged in each count of the indictment. Consequently, you may not consider evidence of those other acts as a substitute for evidence that Ms. Dali committed the crimes charged in this case. Nor may you consider evidence of those other acts as proof that Ms. Dali has a criminal propensity or bad character;

that is, you may not conclude that she probably committed the crimes charged in the indictment because she was predisposed to criminal conduct.

Instead, you may consider evidence of the uncharged conduct only for the limited purposes I will now describe. You may only consider evidence of uncharged conduct:

- As background and context for the charged crimes; and
- As evidence that the defendant acted knowingly and intentionally and not because of some mistake.

You may not consider evidence of Ms. Dali's uncharged conduct for any purpose other than the ones I have just listed.

### D. Witness Testimony

#### 1. Witness Credibility

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. There is no magical formula that you use to judge a witness' testimony. You all make these decisions in your own lives, and the standards you use in your own lives are the same standards you should use here. Your determination of credibility depends upon the impression that a witness made upon you as to whether that witness was telling the truth or giving you an accurate version of what occurred. One of the best tools that you have is your common sense. In making your decision, you may take into account any number of factors, including the following:

11

- Did the witness have the opportunity to see, hear and know about the events he or she described?

- Could the witness remember and describe those things accurately?

- How did the witness testify? Was the witness honest and forthright? Did it seem like the witness was hiding something? Was the witness evasive? Did the witness testify differently on direct examination than on cross-examination?

- Was the witness' testimony reasonable in light of all other evidence in the case?

- Did the witness have any possible interest in the outcome of the trial?

- Was the witness' testimony contradicted by his or her other testimony, by what that witness said or did on a prior occasion, by other witnesses' testimony, or by other evidence?

Inconsistencies or discrepancies in witness testimony, or among the testimony of different witnesses, may or may not cause you to discredit a witness' testimony. If there is a discrepancy or an inconsistency, you should consider whether it relates to an important fact or whether it is an unimportant detail, whether it was intentional or was the result of an innocent mistake, and whether the witness had a common-sense explanation for the inconsistency. If you determine that a witness has purposely lied to you, that is important and you should consider it seriously.

As I mentioned, one factor you may consider in assessing credibility is whether the witness is interested or disinterested in the outcome of the trial. If the witness is interested, you may consider that interest in determining how much

credit or weight you will give the witness' testimony. A witness is an interested witness when, because of a relationship, friendship, antagonism, or prejudice, the witness is biased or likely to be biased toward one side. On the other hand, a disinterested witness is one who has no interest whatsoever in the outcome of the trial — a factor that you may consider in determining the credibility and weight to be given to the witness' testimony.

However, you should not reject an interested witness' testimony merely because of that interest. Nor should you accept a witness' testimony merely because that witness is disinterested. It is your duty for all witnesses to accept the testimony that you believe is truthful and reject the testimony you believe is false. Interest and disinterest are merely factors you may consider in evaluating credibility.

If you find that a witness' statement on the stand is false, in whole or in part, you may disregard the particular part you find to be false or you may disregard his or her entire testimony.

### 2. Law Enforcement Witnesses

You have also heard the testimony of law enforcement agents. You should evaluate these witnesses' testimony in the same manner that you evaluate the testimony of any other witness. The fact that a witness is a law enforcement agent does not mean that you should give that witness' testimony any more or less

consideration than any other witness. You should use all of the tests of credibility I have discussed with you to evaluate a law enforcement witness' testimony. It is up to you to decide, after reviewing the evidence, whether to accept the testimony of the law enforcement witnesses, and to give it whatever weight you believe it deserves.

### 3. The Defendant's Testimony

The defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because the burden of proof remains on the government at all times, and the defendant is presumed innocent. A defendant is never required to prove that she is innocent. In this case, the defendant did testify and she was subject to cross-examination like any other witness. You should examine and evaluate her testimony just as you would the testimony of any other witness with an interest in the outcome of the case.

### 4. Statements by the Defendant

There is evidence that the defendant made statements to law enforcement. You should first examine with great care whether each statement was made and whether she made the statements voluntarily. Give the statements the weight you feel they deserve in light of all the evidence.

F. <u>No Particular Proof or Investigative Techniques Required</u>

Although the government bears the burden of proof, and although a reasonable doubt can arise from a lack of evidence, the law does not require that the government prove its case through any particular means. Law enforcement techniques are not your concern. You are not to speculate as to why the government used the techniques they did or why they did not use other techniques. In addition, the law does not require any party to call as witnesses every person who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matter in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned during the course of the trial. Your concern is to determine whether, based upon all the evidence presented in the case, the government has proven the defendant's guilt beyond a reasonable doubt.

G. <u>Evidence Lawfully Obtained</u>

During the trial in this case, you have heard evidence about a variety of investigative techniques and methods of collecting evidence. I instruct you that the evidence presented to you was obtained legally, and you can consider it. The methods used to collect evidence or investigate should not enter into your deliberations in any respect.

H. Transcripts

The government has offered as evidence video recordings. The government was permitted to include transcripts for these recordings as aids.

You should make your own interpretation of what appears on the recording based on what you heard. If you think you heard something different from what the transcript says, what you heard is controlling.

**THE LEGAL ELEMENTS OF THE CRIME CHARGED**

I will now turn to the second part of these instructions. I will explain to you the elements of the crime charged in the indictment that the government must prove beyond a reasonable doubt.

**I. Indictment**

Ms. Dali is formally charged in an indictment. As I have instructed, the indictment is not proof of anything and you should not consider it as proof of anything. The indictment reads:

> On or about November 26, 2024, within the Eastern District of New York and elsewhere, the defendant SVETLANA DALI did board, enter and secrete herself aboard an aircraft, to wit: Delta Air Lines flight number DL264 departing from John F. Kennedy International Airport in Queens, New York, to Charles de Gaulle Airport in Paris, France, without the consent of the owner, charterer, master and person in command of such aircraft, and with intent to obtain transportation, and was thereon at the time of departure of said aircraft from an airport within the jurisdiction of the United States.

The indictment charges that the defendant violated Title 18, United States Code, Section 2199. That statute is titled Stowaways on Vessels or Aircraft. It reads, in relevant part:

> Whoever, without the consent of the owner, charterer, master, or person in command of any vessel, or aircraft, with intent to obtain transportation, boards, enters or secretes himself aboard such vessel or aircraft and is thereon at the time of departure of said vessel or aircraft from a port, harbor, wharf, airport or other place within the jurisdiction of the United States …. [is guilty of a crime].

In order for you to find the defendant guilty of this crime, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant boarded, entered, or secreted herself aboard an aircraft;

Second, the defendant did so knowingly, with intent to obtain transportation and without the consent of the owner or person in command of the aircraft;

Third, the defendant remained on board the aircraft after it departed;

Fourth, the defendant was on board the aircraft when the aircraft was at any place within the jurisdiction of the United States.

## II.    Venue

Venue refers to the location of the charged crimes. The indictment alleges that the crime charged occurred in whole or in part in this judicial district, which is the Eastern District of New York. The government and the defendant agree that venue for the charged crimes is proper in the Eastern District of New York, which

includes the boroughs of Brooklyn, Queens, and Staten Island, as well as Nassau and Suffolk Counties on Long Island.

## III.    Approximate Date

You will notice that the indictment charges that conduct occurred "on or about" a certain date. The proof need not establish with certainty the exact date of an alleged offense. It is sufficient if the evidence establishes beyond a reasonable doubt that an offense was committed on a date reasonably near the date alleged.

## IV.    "And" Means "Or"

Although the indictment charges that the statute was violated by acts that are connected by the word "and," it is sufficient if the evidence establishes violations of the statute by any one of the acts charged. Of course, this must be proved beyond a reasonable doubt.

## V.    Knowledge and Intent

During these instructions, I have used the words "knowingly" and "intentionally" or "with intent." I will define these terms for you before addressing the individual charges. As a general rule, the law holds people accountable only for intentional conduct. Accordingly, before you can find the defendant guilty of the crime charged, you must be satisfied she acted knowingly or intentionally.

A person acts knowingly if she acts intentionally and voluntarily, not because of ignorance, mistake or accident. Whether a defendant acted knowingly

may be proven by her conduct and by all the facts and circumstances surrounding the case.

A person acts intentionally if she acts deliberately and purposefully. That is, a person's acts must have been the product of her conscious, objective decision, rather than the product of mistake or accident, in order for the actions to be intentional under the law. The person need not be aware of the specific law or rule that her conduct may be violating. But she must act with the specific intent to do whatever it is the law forbids.

These issues of knowledge and intent require you to make a determination about a defendant's state of mind, something that rarely can be proved directly. A wise and careful consideration of all the circumstances before you, however, may permit you to make a determination as to a defendant's state of mind. Indeed, in your everyday affairs, you are frequently called upon to determine a person's state of mind from her words and actions in given circumstances. You are asked to do the same here.

I said to you a few minutes ago there is no evidence before you that the defendant has a particular medical or mental condition, nor should you speculate about whether she has any such condition.

## VI.    Conduct of Delta and TSA

During the trial in this case, you have heard evidence regarding airport officials and airline employees, and specifically, the fact that they did not discover that the defendant was present in secure areas of JFK Airport or onboard an aircraft. Even if you find that airport officials or employees should have known what the defendant was doing, were lax in doing their jobs, or that someone should have stopped and seen her, that is not a defense to the charged crime. In other words, you may find that the defendant boarded, entered, or secreted herself aboard an aircraft without the consent of the owner or person in command of the aircraft even if certain individual airport officials or airline employees failed to stop her or discover her, so long as you find that the government has proved that element of the crime beyond a reasonable doubt. Remember, however, that the burden is on the prosecution to establish beyond a reasonable doubt that the defendant knew that she did not have the airline's consent to board the aircraft.

## CLOSING INSTRUCTIONS

We are now at the third and final part of the instructions. In a few minutes you will begin your deliberations. I will give you some general rules regarding your deliberations. Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be. That is entirely for you to decide.

## I.    Foreperson

In order for your deliberations to proceed in an orderly fashion, you must have a foreperson. Traditionally, juror number one acts as the foreperson. However, if, when you begin deliberations, you all decide that you want to elect another foreperson, you may do so. The foreperson will be responsible for signing all communications to the court and for handing them to the Deputy Marshal during your deliberations. Of course, the foreperson's vote is entitled to no greater weight than that of any other juror.

## II.    Deliberations

Your duty is to reach a fair conclusion from the law as I have given it to you and the evidence presented in this case. This duty is important. When you are in the jury room, listen to each other, and discuss the evidence and issues in the case among yourselves. It is the duty of each of you as jurors to consult with one another, and to deliberate with a view toward reaching agreement on a verdict, if you can do so without violating your individual judgment. No one should surrender conscientious convictions of what the truth is and what the weight and effect of the evidence is. Each of you must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors. You should examine the issues and the evidence before you with candor and frankness, and with proper deference to and regard for the opinions of your fellow jurors.

You should not hesitate to reconsider your opinions from time to time and to change them if you are convinced they are wrong. However, do not surrender an honest conviction about the weight and effect of the evidence simply to arrive at a verdict.

The decision you reach must be unanimous; you must all agree.

## III.   Communication with the Court and Others

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything related to this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, smart watch, tablet, computer, the Internet, any text or instant messaging service, blog, or social networking site to communicate with anyone regarding any information about this case or to conduct any research or do any kind of investigation about this case until after I accept your verdict.

There is only one exception to this rule. If you have a question for me, or it becomes necessary to communicate with me, you may send a note, through the Deputy Marshal, signed by your foreperson. No member of the jury should attempt to communicate with me except by a signed note, and I will never communicate with any member of the jury on any subject touching upon the merits of the case other than in writing, or here in open court.

If, during your deliberations, you have questions about the law, or if you want further explanation as to the law, you may send me a note.

## IV.    Right to See Exhibits and Testimony

You will be permitted to review any of the exhibits admitted at trial, as well as transcripts of the trial testimony.

## V.    Verdict

The government must prove each of the defendant's guilt beyond a reasonable doubt, as we have already talked about. If you find that the government meets its burden, then your verdict should be guilty; if the government does not meet its burden, your verdict should be not guilty. To reach a verdict, you must be unanimous.

I have prepared a verdict form that includes the counts listed in the indictment. Beneath each count is a space marked "guilty" and "not guilty." The form is in no way intended to tell you how to deliberate or decide the facts of this case. Your verdict as to each count must be recorded on the foreperson's verdict form. The foreperson should use a check mark in the appropriate space for "guilty" or "not guilty," for each count of the indictment. The foreperson should also put his or her initials and the date beside each mark on the verdict form. Again, the verdict form must reflect your unanimous verdict as to each count.

As we talked about, each of you is entitled to your opinion; however, you should consult with one another and reach an agreement based solely and wholly on the evidence — if you can do so without contradicting your own individual judgment. Each of you must decide the case for yourself, after consideration with your fellow jurors. However, if, after carefully considering all the evidence and the arguments of your fellow jurors, your view is different from the others, you should not change your opinion simply because you are outnumbered or because it is late. Your final vote must reflect your conviction as to how the issues should be decided.

When you have reached a verdict, simply send me a note signed by your foreperson that says that you have reached a verdict. Do not write down what the verdict is. You should never give a numerical count of where the jury stands in its deliberations, in any communication with the court.

## VI.    Oath Reminder and Closing Remarks

The government, the defendant and the court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you. By doing so, you carry out your oaths as jurors — to render a true verdict.

I will ask you to wait for a few moments while I discuss with counsel whether there is anything further we need to discuss.