

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

EDP:BET
F. #2024R00934

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 28, 2025

By ECF and E-mail

The Honorable Ann M. Donnelly
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Svetlana Dali
              Criminal Docket No. 25-14 (AMD)

Dear Judge Donnelly:

      The government submits this letter in response to the defendant's letter dated May 21, 2025, in which the defendant requests that the Court waive the presentence investigation in the above-captioned case.  See ECF No. 43.  For the reasons noted below, the government respectfully requests that the Court order that the probation department complete the presentence investigation process prior to sentencing, although the government has no objection to doing so on a highly expedited timeframe.

      In addition to providing the Court with a more fulsome sentencing record,[1] a full presentence investigation will provide the parties with a standardized process to raise objections to potentially contested facts.  The government anticipates that there may be several disputed factual issues relevant to the defendant's sentencing, including, for example, (i) whether the defendant stowed away on an Air France flight from Paris to Miami in February 2024; (ii) whether the defendant perjured herself during her trial testimony; and (iii) the extent to which the defendant sincerely believes she is being poisoned in the United States—which is arguably

---

[1] The defendant has requested that the Court base its sentencing decision in large part on a psychological evaluation that includes a description of the defendant's personal history and a summary of some of the facts at issue in this case.  The government notes that this evaluation was written before the defendant's trial and does not take into account—or summarize—a substantial amount of information that the government believes will be important for the Court to take into account during sentencing, including, for example, the defendant's conduct in bypassing airport security checkpoints in Florida and Connecticut.

contradicted by her flying back into the United States from Europe in February 2024 (approximately nine months before the offense conduct). It seems quite likely that the parties will have disputes over these facts (and others) that the Court may choose to rely upon in crafting its sentence. A clear statement of such facts will be necessary both for the Court to impose its sentence, as well as to provide a satisfactory record for any potential appeal.

For these reasons, the government objects to the defendant's request and respectfully proposes that the Court order a standard presentence investigation pursuant to Federal Rule of Criminal Procedure 32, to be conducted on an expedited basis.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/
Brooke Theodora
Assistant U.S. Attorney
(718) 254-6342

cc: Michael Schneider, Esq. (via e-mail and ECF)
Clerk of Court (AMD) (via e-mail and ECF)